UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES VAUGHN SHERIN NIGEL, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> OSCAR AVILES, : <br> : <br> Respondent. : <br> : | Civ. No. 15-6090 (KM) <br><br> **MEMORANDUM AND ORDER** |

The petitioner, Charles Vaughn Sherin Nigel, is an immigration detainee currently incarcerate at the Hudson County Correctional Facility in Kearny, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to § 2241.

Mr. Nigel challenges his current immigration detention in this habeas petition. "Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal." *Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012) (citing *Demore v. Kim*, 538 U.S. 510, 517-18 (2003)); *see also Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 226 (3d Cir. 2011). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, this Court has screened the habeas petition for dismissal and determined that dismissal without an answer and filing of the record is not warranted. In addition to any arguments that respondent may make in the answer, respondent shall specifically address the impact, if any, of *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469 (3d Cir. 2015). Furthermore, respondent's answer shall specifically verify and address Mr. Nigel's apparent statement that the next hearing before the Immigration Judge is scheduled for February, 2016, and whether Mr. Nigel's pre-removal-order detention threatens to become unreasonably

prolonged or indefinite. *See, e.g., Rosa v. DHS/ICE*, No. 15-5451, 2015 WL 4488022, at *3 (D.N.J. July 22, 2015) (summarily dismissing habeas petition where petitioner had only been in pre-order-removal immigration detention for two months and petition did not suggest that detention threatened to become prolonged or indefinite).

Accordingly, IT IS this 11th day of August, 2015,

ORDERED that the Clerk shall serve a copy of the petition (Dkt. No. 1) and this Order upon respondent Oscar Aviles by regular mail, with all costs of service advanced by the United States; and it is further

ORDERED that the Clerk shall forward a copy of the petition (Dkt. No. 1) and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

ORDERED that within thirty (30) days of the date of the entry of this Order, respondent shall file and serve an answer which responds to the allegations and grounds in the petition and which includes all affirmative defenses respondent seeks to invoke, in addition to any other arguments respondent may make, the answer shall specifically address the impact, if any, of *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469 (3d Cir. 2015), as well as petitioner's statement that the next hearing before the Immigration Judge is scheduled for February 20, 2016; and it is further

ORDERED that respondent shall file and serve with the answer certified copies of all documents necessary to resolve petitioner's claim(s) and affirmative defenses; and it is further

ORDERED that within thirty (30) days of receipt of the answer, petitioner may file a reply to the answer; and it is further

ORDERED that within seven (7) days of petitioner's release, by parole or otherwise, respondent shall electronically file a written notice of the same with the Clerk.

*/s/ Kevin McNulty*

_____
KEVIN MCNULTY
United States District Judge