UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES VAUGHN SHERIN NIGEL, | : |
| Petitioner, | : Civ. No. 15-6090 (KM) |
| v. | : |
| | : OPINION |
| OSCAR AVILES, | : |
| Respondent. | : |

**KEVIN MCNULTY, U.S.D.J.**

## I.   INTRODUCTION

The petitioner, Vaughn Sherin Nigel Charles,[1] is an immigration detainee currently lodged at the Hudson County Jail in Kearny, New Jersey. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 which challenges his current immigration detention. For the following reasons, the habeas petition will be denied without prejudice.

## II.   BACKGROUND

Mr. Charles is a native and citizen of Grenada. On May 27, 2015, Mr. Charles was placed in immigration detention because he had been convicted of an aggravated felony relating to a controlled substance. Mr. Charles had hearings before the Immigration Judge on June 16, 2015 and July 16, 2015. He states that his next hearing is scheduled for February 20, 2016.

In August, 2015, this Court received Mr. Charles's habeas petition which seeks his immediate release from immigration detention or a bond hearing in light of the time he has

---

[1] The habeas petition lists petitioner's name as Charles Vaughn Sherin Nigel. Subsequent to that filing, however, petitioner filed a letter indicating that his name is actually Vaughn Sherin Nigel Charles. (*See* Dkt. No. 3.) Therefore, the Clerk will be ordered to change petitioner's name in the caption on the docket.

already spent in pre- removal immigration detention. The respondent has filed a response in opposition to the habeas petition and Mr. Charles has filed a reply.

### III. DISCUSSION

The Attorney General has the authority to detain aliens in removal proceedings before the issuance of a final order of removal, or during the "pre-removal" period. Detention of an alien before an order of removal has been entered is governed by Section 1226 of Title 8 of the United States Code. Section 1226(a) permits the Attorney General to detain or release an alien pending a decision on whether the alien is to be removed from the United States:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General—
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General;
> (B) conditional parole; ...

8 U.S.C. § 1226(a). "Except as provided in subsection (c)" is included because, under Section 1226(c), certain criminal aliens are subject to mandatory pre-removal detention:

> The Attorney General shall take into custody any alien who—
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(a)(ii), (A)(iii), (B), (C), or (D) of this title,
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence to a term of imprisonment of at least 1 year, or
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
> when the alien is released, without regard to whether the alien is release on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

In *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), the United States Court of Appeals for the Third Circuit established a framework for analyzing the permissibility of pre-removal detention:

> [Title 8, United States Code, Section] 1226(c) contains an implicit limitation on reasonableness: the statute authorizes only mandatory detention that is reasonable in length. After that, § 1226(c) yields to the constitutional requirement that there be a further, individualized, inquiry into whether continued detention is necessary to carry out the statute's purpose.... Should the length of [an alien's] detention become unreasonable, the Government must justify its continued authority to detain him at a hearing at which it bears the burden of proof.

656 F.3d at 235. *Diop* did not state a specific length of pre-removal-order detention beyond which petitioner would be entitled to a bond hearing. *See id.* at 234; *see also Carter v. Aviles*, No. 13–3607, 2014 WL 348257, at *3 (D.N.J. Jan. 30, 2014) ("[T]he Third Circuit has not set a 'universal point' when mandatory detention under § 1226(c) is unreasonable.") (citing *Leslie v. Attorney Gen.*, 678 F.3d 265, 270–71 (3d Cir.2012)); *Barcelona v. Napolitano*, No. 12–7494, 2013 WL 6188478, at *1 (D.N.J. Nov. 26, 2013) ("The Court of Appeals in *Diop* declined to adopt a rule that a hearing was required after a certain fixed amount of time in pre-removal detention.") (citation omitted). Instead, the Third Circuit noted that "[r]easonableness, by its very nature, is a fact-dependent inquiry requiring an assessment of all of the circumstances of a particular case." *Diop*, 656 F.3d at 234. A reasonableness determination "must take into account a given individual detainee's need for more or less time, as well as the exigencies of a particular case." *Id.* However, "'the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past [certain] thresholds.'" *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 474 (3d Cir. 2015) (quoting *Diop*,

656 F.3d at 232, 234). Indeed, in *Chavez-Alvarez*, the Third Circuit noted with respect to the circumstances of that particular case that sometime after six months, and certainly within a year, the burden to the petitioner's liberties would outweigh any justification to detain the petitioner without a bond hearing. *See id.* at 478.

In this case, Mr. Charles has been in pre- removal immigration detention since May 27, 2015, a period of slightly more than four months. While there is no bright line rule as to when a period of pre- removal immigration detention becomes unreasonable under the circumstances, *Chavez-Alvarez* and other cases imply as a rule of thumb that the detention becomes unreasonable sometime after six months has passed. *See* 783 F.3d at 478; *see also Demore v. Kim*, 538 U.S. 510, 530-31 (2003) (pre-order removal immigration detention of six months not an unconstitutional restraint on petitioner's liberty). I see no special circumstances here that would lead me to depart from that general rule; Mr. Charles's habeas petition is premature since he has only been in immigration detention for slightly more than four months.

Mr. Charles does point out, however, that his next hearing before the Immigration Judge is not scheduled until February 2016. By then, Mr. Charles will have been in pre- removal detention for approximately nine months.

Respondent replies that United States Immigration Customs and Enforcement has filed a motion with the Immigration Court seeking to advance Mr. Charles's next hearing date.[2] As it stands now, Mr. Charles's petition is based on future uncertain events which may or may not occur. A nine-month delay would be in the *Chavez-Alvarez* gray zone between six months and one year, and the reasonableness of such a delay would be highly fact-dependent. I cannot conduct that factual analysis based on speculation about future events. I therefore rule on the

---

[2] The Court has no update as to the status of that motion, but I will request that Respondent supply one when the motion is decided.

petition as presented, and find that Mr. Charles's habeas petition is premature as he has only been in pre-order removal immigration detention for slightly over four months. *Accord Quito v. Aviles*, No. 15-6269, 2015 WL 5039883, at *2 (D.N.J. Aug. 24, 2015) (habeas petition is premature where petitioner has been in pre-order removal immigration detention for five months).

Mr. Charles' habeas petition also invokes *Zadvydas v. Davis*, 533 U.S. 678 (2001) in support of his habeas petition. *Zadvydas*, however, governs post-removal detention. As Mr. Charles is in pre-removal detention, his petition is governed by cases such as *Chavez-Alvarez, supra*, not *Zadvydas*.

This habeas petition will therefore be denied, but without prejudice to another application should Mr. Charles' pre-order removal immigration detention continue for an unreasonable period.

## IV. CONCLUSION

For the foregoing reasons, the habeas petition is denied without prejudice. An appropriate Order will be entered.

Dated: October 2, 2015

_____
KEVIN MCNULTY
United States District Judge